UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

SHIMON GOTTLIB,
on behalf of themselves and all others similarly situated

              Plaintiffs,

   -against-

POM RECOVERIES, INC.

              Defendant
-------------------------------------------------------------------------------X

**ANSWER**

1:12-cv-05446-NGG-VVP

      Defendant POM RECOVERIES, INC., by its attorney Mel S. Harris and Associates, LLC, answers plaintiff's complaint as follows:

      1. Defendant acknowledges being sued pursuant to the Fair Debt Collections Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), but denies any violations thereof. Defendant denies the remaining allegations in paragraph "1" of the complaint.

      2. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the complaint.

      3. Defendant avers that paragraph "3" seeks a legal conclusion to which no response is necessary.

      4. Defendant avers that paragraph "4" seeks a legal conclusion to which no response is necessary.

      5. Defendant admits to the allegations contained in paragraph "5" of the complaint.

      6. Defendant admits to the allegations contained in paragraph "6" of the complaint.

      7. Defendant avers that paragraph "7" seeks a legal conclusion to which no response is necessary.

      8. Defendant acknowledges federal question jurisdiction.

9. Defendant admits that venue is appropriate but denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "9" of the complaint.

10. Defendant admits that it attempted to collect a debt owed by plaintiff but denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "10" of the complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of the complaint.

14. Defendant denies each and every allegation contained in paragraph "14" of the complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of the complaint.

16. Defendant denies each and every allegation contained in paragraph "16" of the complaint.

17. Defendant denies each and every allegation contained in paragraph "17" of the complaint.

18. Defendant avers that paragraph 18 violates the "short and plain" requirement under Fed R.Civ. P. 8(a), and that no response is necessary. Subject to the foregoing, defendant denies each and every allegation contained in paragraph 18.

19. Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20. Defendant denies each and every allegation contained in paragraph "20" of the complaint.

21. Defendant denies that it is prohibited from calling plaintiff without first notifying plaintiff of the calls. Defendant denies that it did not announce its "collection purpose." Defendant denies all remaining allegations.

22. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of the complaint.

24. Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25. Defendant hereby repeats the answers to Paragraphs 1-24 of this Answer as the answer to this Paragraph "25" of the complaint as though fully set forth herein.

26. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "26" of the complaint.

27. Defendant denies each and every allegation contained in paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant denies each and every allegation contained in paragraph "29" of the complaint.

30. Defendant denies each and every allegation contained in paragraph "30" of the complaint.

31. Defendant denies each and every allegation contained in paragraph "31" of the complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of the complaint.

33. Defendant avers that the applicable legal standard speaks for itself and that no response is necessary.

34. Defendant denies each and every allegation contained in paragraph "34" of the complaint.

35. Defendant denies each and every allegation contained in paragraph "35" of the complaint.

36. Defendant hereby repeats the answers to Paragraphs 1-35 of this Answer as the answer to this Paragraph "36" of the complaint as though fully set forth herein.

37. Defendant denies that it made any calls to a wireless number. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "37" of the complaint.

38. Defendant denies each and every allegation contained in paragraph "38" of the complaint.

39. Defendant denies each and every allegation contained in paragraph "39" of the complaint.

40. Defendant denies each and every allegation contained in paragraph "40" of the complaint.

41. Defendant denies each and every allegation contained in paragraph "41" of the complaint.

42. Defendant denies each and every factual allegation contained in paragraph "42" of the complaint. As to the cited case, defendant states that the non-binding case speaks for itself and that no further response is necessary.

43. Defendant denies each and every allegation contained in paragraph "43" of the complaint.

44. Defendant denies each and every allegation contained in paragraph "44" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. Plaintiffs' Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Defendant is shielded from any TCPA liability due to reasonable practices and procedures it instituted to avoid any alleged violations of the TCPA. 47 U.S.C. § 227(c)(5)(C).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. Defendant cannot be found liable for the alleged TCPA violations as debt collectors are exempt from liability under the alleged circumstances. *See* 47 C.F.R. § 64.1200(a)(2)(iv); 7 FCC Rcd. 8752, 8771-8772.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs

failed to take reasonable steps to mitigate their damages with respect to the matters alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Any act or omission by defendant, if determined to be in violation of the Fair Debt Collections Practices Act ("FDCPA"), which defendant denies, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. The Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. The complaint, and each cause of action alleged therein against Defendant, are barred in whole or in part based on the applicable one year statute of limitations.

**WHEREFORE,** Defendant respectfully prays that this action be dismissed with prejudice in its entirety and that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action and for such other and further relief as this Court deems proper.

Dated: New York, NY
        January 11, 2013

                                              ____/s/ Hilary Korman_____
                                              By: Hilary Korman, Esq.
                                              Mel S. Harris and Associates, L.L.C.
                                              Attorneys for Defendant
                                              Direct Dial: (212) 571-4900 ext. 3309
                                              Direct Facsimile: (212) 660-1018
                                              E-mail: hkorman@melharrislaw.com

To:
Adam J. Fishbein, P.C.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
*Via ECF Only*